(121 App. Div. 352.)

PEOPLE ex rel. BRENNAN v. TILDEN, City Judge.

(Supreme Court, Appellate Division, Third Department. September 11, 1907.)

1. CORPORATIONS—PROCESS—SERVICE ON AGENT—SUFFICIENCY OF EVIDENCE.
    Evidence *held* insufficient to show that the person upon whom summons was served was not defendant company's agent.

2. SAME.
    Under the express terms of Code Civ. Proc. §§ 2878, 2879, 2881, service of summons on a local agent and local treasurer of a casualty company was personal service on the company.

3. COURTS—CITY COURTS—PRACTICE—VACATION OF DEFAULT JUDGMENT—TIME FOR MOTION.
    Under the express terms of Laws 1895, c. 751, p. 1599, § 137, where the time for appealing from a default judgment of the City Court of Hudson has expired, a motion to open the judgment is too late.

Certiorari by the people, on the relation of Michael E. Brennan, John Toth's administrator, against L. Royce Tilden, city judge, to review an order vacating a judgment for relator against the Continental Casualty Company. Order reversed.

The relator procured a judgment against the Continental Casualty Company in the City Court of Hudson upon the service of the summons upon one Martin L. Niver as the agent and local treasurer of such company. Such judgment was docketed in the county clerk's office of Columbia county, and a transcript filed in the county of New York. The City Court of Hudson is an inferior local court, and it is provided in section 137 of the act creating the court (chapter 751, p. 1599, of the Laws of 1895) that "the court shall have power upon five days' notice or order to show cause, on such terms as may be just, not exceeding the costs entered in the judgment, to open a judgment against a plaintiff or defendant on default, and shall have power to stay proceedings pending the motion. This motion may be made within the time limited for an appeal from the judgment whether a transcript has been filed in a county clerk's office or not, and the court shall have power to stay proceedings, on any execution issued on said judgment, upon such terms as to requiring security, as may be just, and to direct the judgment to be canceled on the books of the county clerk." The order in question vacates the judgment and directs the docket thereof in the clerk's offices of Columbia and New York counties to be canceled.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

John L. Crandell, for relator.
William W. Chase, for defendant.

CHESTER, J. The motion to vacate the judgment was made solely on the ground that Niver was not the agent of the casualty company, and therefore that it was not bound by the service of process on him; but we think there was not sufficient proof before the court to justify that conclusion. Upon the motion the casualty company presented the affidavit of one Galloway, who swore that he was an employé of the company in charge of its claim department of the New York office, and that at the time when process was served upon Niver he was not an agent of the casualty company. Nothing appears to show that Galloway had the sole power and authority from the company to employ and discharge its agents in this state, nor that Niver was not employed by some one authorized so to do at the home office, which was located at Chicago, Ill. Nor does it appear how he could have knowledge that Niver was not so employed. The facts that Galloway had charge of the claim department of the company in New York and had charge of this claim, are not, standing alone, sufficient to show that he had such knowledge.

The relator filed affidavits upon the motion tending to show that Niver was the local agent or local treasurer of the casualty company at the time of the service of the summons upon him, and that premiums were paid to him for the company for several months thereafter. There was, therefore, really no evidence before the City Court that Niver was not the agent of the company at the time, and the only competent evidence tended to show that he was. That being the situation, the service of the summons on Niver as the agent of the

.defendant was a personal service on the casualty company. Code Civ. Proc. §§ 2878, 2879, 2881.

The return herein shows that Niver appeared for the company in the City Court and procured adjournments. The summons having been personally served on the company, and it having appeared, the time limited for an appeal from the judgment had expired. Code Civ. Proc. § 3046. Hence the time limited for the making of this motion had also expired. Laws 1895, p. 1599, c. 751, § 137. The motion should, for that reason, also, have been denied.

It may be that as a matter of fact Niver was not the agent of the company at the time, although the only evidence before the City Court was to the contrary. In such case the judgment is void and unenforceable.

The order should be reversed, with costs against the Continental Casualty Company, and without prejudice to the right of such company to resist the enforcement of the judgment if it should be so advised. All concur.